[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on June 5, 1992 with a return day of June 16, 1992, and thence to later dates when the parties appeared for a limited contested trial which was heard on April 7, 1993.
The plaintiff's post trial memorandum was filed with the Clerk's Office on April 19, 1993 and the Defendant's Memorandum was filed with the Clerk's Office on April 20, 1993.
The Court, having heard the evidence, finds the following:
The wife, STEPHANIE V. IMBRO, whose maiden name was STEPHANIE V. SPRUNK was lawfully married to the husband, BRODERICK J. IMBRO on January 15, 1983 at Albuquerque, New Mexico. At least one party has resided continuously in this State twelve months next before the date of the filing of the complaint and all statutory stays have expired. The marriage of the parties has broken down irretrievably.
One minor child has been born to the wife since the date of the marriage which child is the lawful issue of the marriage, namely;
James Eric Imbro, born July 22, 1986.
Neither of the parties had been married before.
The wife became 31 years of age on May 31, 1993 and the husband became 32 years of age on March 16, 1993. Each of the parties had completed high school by the time of the marriage in 1983. Neither party brought any substantial financial assets to the marriage and neither party has any significant financial asset at this time.
The wife, who is in good health, is employed as an analyst for Metropolitan Life Insurance Company and nets $384.29 per week after deductions for income taxes, social security and medical deductions. Her medical insurance obtained through her employment provided coverage for herself as well as for the minor child.
The husband, who is in good health, recently obtained employment and CT Page 7353 is currently employed as a part time cashier at Stop Shop. He works approximately 16 hours per week and currently nets $92.00 per week after appropriate deductions and does not have medical benefits for himself or the minor child. He previously was employed as a computer programmer with related activities for Union Carbide Corporation. He worked for Union Carbide Corporation for approximately 10 years and had been earning some $29,000.00 per year for several years before he was fired by his employer around Feb. 1st of this year for his own behavior (too many unexcused absences) and not by reason of his employer's lack of available work. He claimed that he was unable to obtain unemployment compensation.
The wife claims that the husband is capable of earning considerably more money than he currently earns, but has not made a diligent effort to do so. She claimed that positions are available in the computer programming field which would enable the husband to earn a salary in the same range as his previous income. The husband claims that he has made a diligent effort to obtain appropriate employment but has been unable to do so.
The wife and the husband each claimed a variety of circumstances which they believe contributed to the breakdown of the marriage.
The husband claims that his relationship with the current live in girl friend (who contributes to their living expenses) did not precipitate the parties' breakup or contribute to the breakdown of the marriage.
The Court has reviewed all of the testimony, the exhibits, the financial affidavits of the parties, the briefs of counsel and their proposals for judgment. In addition, the Court has taken into consideration all of the criteria set forth in Connecticut General States Sec. 46b-81
(the assignment of property and transfer of title statute), Sec. 46b-82
(the alimony statute), and Sec. 46b-84 (parents' obligation for support of minor child) including reference to the Connecticut Child Support Guidelines.
The Court finds that the wife has been making a more diligent effort than the husband to provide resources for the minor child and that, the husband would be capable of earning additional monies for the benefit of the minor child, if he were so inclined.
Accordingly, the Court orders as follows:
A decree of dissolution of the marriage shall enter on the grounds CT Page 7354 of irretrievable breakdown of the marriage.
CUSTODY AND VISITATION
The parties, having reached agreement on significant aspects with regard to custody and visitation, the court orders as follows:
The wife and the husband shall have joint legal custody of the minor child with the primary residence being with the mother.
The husband shall have reasonable, liberal and flexible visitation, including overnight visitation, with the minor child. It shall include:
a. Alternate weekends from Friday, after school or day care (approximately 3:45 P.M.), until Monday morning when the husband shall drop the child off at school.
b. In odd-numbered years: Easter, Spring vacation week and Christmas through New-Years Day.
c. In even-numbered years: Thanksgiving and the December school holiday from break of school through Christmas Eve.
d. Notwithstanding the foregoing, each party shall have the minor child for the birthday of the respective parent. The plaintiff shall have Mother's Day with the minor child and the defendant shall have Father's Day with said child. Each party shall spend half the child's birthday, July 22, with the child.
e. The defendant shall have free and liberal telephone access to the minor child.
f. At all other times, with particular attention to the summer recess, the visitation schedule shall be reasonable, liberal and flexible, keeping in mind the best interest of the child considering his activities, schooling, camp, and social schedule.
g. So long as the child resides within a radius of 100 miles from Danbury, all visitation including costs of transportation shall be at the defendant's sole expense.
CHILD SUPPORT
The husband shall pay to the wife as child support, the sum of $50.00 per week until the child attains the age of 18 years, dies, CT Page 7355 marries or is sooner emancipated. The court finds that the husband is capable of earning such additional sums that are necessary to pay said amount and justifies deviation from the Child Support Guidelines based upon the husband's current income.
MEDICAL INSURANCE COVERAGE AND MEDICAL BILLS FOR THE MINOR CHILD
If the husband is unable to satisfactorily document that he has already made diligent effort to do so, he shall immediately attempt to process claims for insurance reimbursement or payment of various medical bill incurred on behalf of the minor child during the time that the husband had insurance coverage available from his employment. If it is demonstrated that insurance reimbursement or payment was available but due to the husband's delay it is not longer available, the husband shall be solely responsible for the payment of those bills which would have been covered.
Except as set forth in the paragraph above, all unreimbursed medical, dental, optical, orthodontia and other healthcare expense including healthcare insurance expense for the benefit of the minor child shall be split by the parties.
If the husband is able to obtain medical insurance for the minor child as an incident of his employment or at a reasonable cost, he shall immediately notify the wife of said availability so that they can determine if it is economically feasible and beneficial to the minor child.
ALIMONY
The husband shall pay to the wife as alimony commencing one week from the date hereof and weekly thereafter the sum of $1.00 per year. Said alimony shall terminate upon the happening of the first of the following events:
a) the death of either party;
b) the wife's remarriage;
c) the wife's cohabitation under the statute;
d) July 22, 2000 or when the child enters high school (9th grade), whichever is sooner, at which time the mother would have even more flexibility to seek more remunerative employment. CT Page 7356
LIFE INSURANCE
If the husband has life insurance as an incident of his employment, he shall designate as beneficiary, the wife as trustee for the benefit of the minor child in an amount (if available) up to that necessary to fund his child support obligation. Said amount shall be modified annually to reflect the amount of obligation still remaining.
DEBTS
With regard to medical debts incurred on behalf of the minor child in the amounts of $350.00 to Yale Radiology, $119.77 to Yale Ambulatory, $1,860.00 to Wm. Potter, M.D., and $118.80 to Danbury Physician's Services, unless the husband has been made responsible for same by the terms of this order set forth above, they shall be split equally by the parties.
The debt of the wife to her credit union shall be split equally by the parties.
Each party shall be solely responsible for all other debts on his or her own financial affidavit and shall save the other party harmless therefrom.
TANGIBLE PERSONAL PROPERTY
If the parties are not able to come to an agreement with regard to various claims of items of personal, either party may move for a further hearing with regard to same.
COUNSEL FEES
Each party shall be solely responsible for their own legal fees.
IMMEDIATE WAGE EXECUTION
An immediate wage execution is ordered with respect to the husband's alimony and support obligation.
MORTON I. RIEFBERG JUDGE OF THE SUPERIOR COURT CT Page 7357